JOHN DREWEN, PROSECUTOR OF THE PLEAS, ETC., PROSECUTOR, v. JOSEPH A. BROHEL ET AL., RESPONDENTS.

Argued January 21, 1931—Decided April 23, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *John Drewen* and *Harlan Besson.*

For the respondents, *William A. Stevens,* attorney-general, *Richard Hartshorne* and *Samuel Spingarn.*

PER CURIAM.

This writ brings before us for review the proceedings of the civil service commission and its order of September 10th, 1930, requiring the prosecutor, as the prosecutor of the pleas of Hudson county, to make appointments of county detectives from an eligible list resulting from a competitive examination under rules adopted by the civil service commission. This list contains thirteen names.

The facts are that the prosecutor of the pleas upon his appointment and qualification and assumption of his duties found attached to the office six men, as county detectives, all having a status and standing under the Civil Service act, and as being appointees in the classified service. The prosecutor thereupon appointed nine other persons as acting detectives without examination or certification by the civil service commission. There were, from time to time, changes made by the prosecutor of the pleas in these appointees, and the prosecutor of the pleas at all times insisted that he was entitled by the statute to make these appointments without examination, competition, or control by the civil service commission. That body, however, treated these as temporary appointments, unclassified, until an examination could be held and a list of persons could be certified as eligible from which the selection and appointment could and must be made.

The civil service commission brought on an examination of applicants for appointment to such positions resulting in the certifying to the prosecutor of the pleas of the names of thirteen persons eligible for appointment and the requirement that all appointments be made from such list and that the certification of the payment of the compensation of the so-called temporary incumbents would be withheld after September 24th, 1930. This is the order or ruling of the civil service commission of September 10th, 1930, here under review.

Several grounds and reasons are urged why this order should be set aside but we find it necessary to consider but one of these which requires a construction of the applicable portions of the statutes.

This contention of the prosecutor is, that under the statutes, as they presently exist, he can appoint not more than twelve, out of a total of eighteen persons, as county detectives, which twelve are not in the classified or competitive service, that is, neither under control of the civil service commission, nor protected in the tenure of the offices, &c.

This he bases upon three statutes:

*Pamph. L.* 1905, *p.* 354, entitled "An act relating to county detectives in counties of the first class," which by section 1, provides:

"1. The prosecutor of the pleas in any county of the first class may appoint such number as shall be approved of by the judge of the Court of Quarter Sessions, not exceeding ten, of suitable persons, to act as special officers, for the detection, apprehension, arrest and conviction of offenders, against the law; the persons so appointed shall be designated as *county detectives* and shall serve during the pleasure of the prosecutor."

This was amended by *Pamph. L.* 1926, *ch.* 265, *p.* 442, the first section thereof being:

"1. The prosecutor of the pleas in any county of the first class may appoint such number as shall be approved of by the board of chosen freeholders of such county, *not exceeding eighteen* of suitable persons, to act as *special officers,* for the detection, apprehension, arrest and conviction of offenders against the law; the person so appointed shall be designated as *county detectives."*

In 1930 (*Pamph. L.* 1930, *p.* 606) a supplement to the Civil Service act of 1908 was passed, and approved April 18th, 1930, as the controversy in question was waging between the prosecutor of the pleas of Hudson county and the civil service commission and as the examination of the candidates had been held January 27th, 1930, and followed by the eligible list and order under attack was certified and made September 10th, 1930.

It is to be noted, however, that this question was raised in 1929 and the contention of the prosecutor overruled by

the civil service commission as early as October 11th, 1929 (*Exhibit P*-5, state of case, *p.* 102).

That supplement of 1930, *supra* (*Pamph. L.* 1930, *p.* 633, § 44, ¶ 17), provides:

"Classified service means, unless otherwise provided in this act, all positions in the state service, whether paid or unpaid, whether full time or part time, whether existing, or hereafter created, except those held by (*p.* 635, *subdiv.* S) "agents, investigators or special officers in the office of the prosecutors of the pleas not in excess of *twelve* in counties having a population of more than three hundred thousand; six in counties having a population in excess of one hundred and sixty thousand, and not more than three hundred thousand, and two in other counties."

Hudson county has a population exceeding three hundred thousand.

The respondent urges that this legislation has no reference whatever to the appointment of county detectives but is entirely directed to those persons that prosecutors of the pleas may employ under section 9 of the Criminal Procedure act (2 *Comp. Stat., p.* 1850), but this seems to us to be entirely illogical.

In the first place, this section 95 seems to have been enacted at the same time, or perhaps earlier than the legislation respecting county detectives in counties of the first class. *Pamph. L.* 1898, *p.* 921; 2 *Comp. Stat., p.* 1871.

Be that as it may, it is conclusively apparent that section 95 of *Pamph. L.* 1898, *supra,* relates to an entirely different situation and persons and officers from those now before us.

It is also to be noted that not only by *Pamph. L.* 1898, *p.* 921, *supra,* and 1926, *p.* 442, *supra,* are the officers referred to as "special officers," but also that they they "shall be designated as county detectives."

In 2 *Comp. Stat., pp.* 1871, 1872, there are several acts where they are referred to as "special officers" but the compiler has entitled the enactments under the head of "county detectives."

It is also true that the supplement of 1930, *supra,* to the Civil Service act, speaks of them only as "agents, investigators or special officers," but from a history of this legislation we are entirely unable to see how such language can be construed as referring to any other class of officer than that of county detective.

We are convinced that a proper construction of the statutes in question inevitably forces the conclusion that the prosecutor of the pleas of Hudson county may appoint a total of eighteen county detectives, twelve of which such appointees may be appointed without examination and entirely from without any eligible list submitted by the civil service commission, and without control by that body in anywise as to qualification, or payment of compensation, and which appointees hold their offices entirely by grace of and subject to the control of the prosecutor of the pleas, and subject further only to the approval by the board of chosen freeholders of the county.

This conclusion seems to us to make unnecessary the consideration of any other reasons urged by the prosecutor herein, because the total number of county detectives that may be appointed in Hudson county is eighteen; of which six hold appointments subject to civil service rules and regulations, leaving twelve who may be appointed by the prosecutor of the pleas without such control.

To the extent indicated the proceedings and order of the civil service commission of September 10th, 1930, are set aside and vacated.